**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4206**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VALENTIN VILLARREAL, JR.,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge. (CR-03-76)

---

Submitted: May 22, 2006              Decided: June 14, 2006

---

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Richard A. Culler, CULLER & CULLER, P.A., Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, D. Scott Broyles, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Valentin Villarreal, Jr., was convicted by a jury of one count of conspiracy to possess with intent to distribute marijuana and one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841, 846 (2000). Villarreal was sentenced by the district court to 135 months' imprisonment. We find no error and affirm Villarreal's convictions.

Villarreal first contends that the district court abused its discretion in denying his motion to suppress documents untimely produced by the Government. We review a district court's decision to sanction a party for discovery violations for abuse of discretion. See United States v. Hastings, 126 F.3d 310, 316 (4th Cir. 1997).

> In determining a suitable and effective sanction, a court must weigh the reasons for the government's delay and whether it acted intentionally or in bad faith; the degree of prejudice, if any, suffered by the defendant; and whether any less severe sanction will remedy the prejudice and the wrongdoing of the government.

Id. at 317. In light of these factors, we agree with the district court that suppression of the documents would have been too severe a sanction for the Government's error. We therefore find no abuse of discretion in the court's offering Villarreal a continuance as an appropriate sanction.

Next, Villarreal contends the district court improperly admitted expert testimony from a law enforcement officer regarding the nature of notations on documents admitted at trial. We review

- 2 -

a district court's decision to admit expert testimony for abuse of discretion.  Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999).  Before allowing expert testimony, the district court must determine that the testimony is both reliable and relevant; that is, that the testimony is scientifically valid and that it will assist the trier of fact in understanding or determining a fact in issue in the case.  See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592-93 (1993).  This court has "repeatedly upheld the admission of law enforcement officers' expert opinion testimony in drug trafficking cases."  United States v. Gastiaburo, 16 F.3d 582, 589 (4th Cir. 1994).  Therefore, because the manner in which drug dealers record transactions is not a fact commonly known to a jury, and expert testimony helping the jury understand drug quantity is relevant to the offense, we find no abuse of discretion in admission of the expert testimony.

Villarreal's final contention is that the evidence was insufficient to support his conspiracy conviction.  To determine if there was sufficient evidence to support a conviction, we consider whether, taking the evidence in the light most favorable to the Government, substantial evidence supports the jury's verdict. Glasser v. United States, 315 U.S. 60, 80 (1942).  We review both direct and circumstantial evidence, and permit the "government the benefit of all reasonable inferences from the facts proven to those sought to be established."  United States v. Tresvant, 677 F.2d

1018, 1021 (4th Cir. 1982). Witness credibility is solely within the province of the jury, and this court will not reassess the credibility of testimony. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

To prove conspiracy to distribute a controlled substance, the Government must establish that: (1) two or more persons agreed to distribute the substance; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became part of the conspiracy. United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). A defendant may be convicted of conspiracy without knowing all the conspiracy's details, so long as he joins the conspiracy understanding its unlawful nature and willfully joins in the plan on at least one occasion. Id. at 858. Construing the evidence admitted at trial in the light most favorable to the Government, we find it sufficient to support the jury's verdict.

Accordingly, we affirm Villarreal's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED